**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 1st day of February, 2016.**



_____
Robert D. Berger
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

**In re:**

**Gary Wayne Brooks and**
**Linda Margaret Brooks,**                               Case No. 13-22981
      Debtors.                                              Chapter 7

---

**Janice Herman,**
    Plaintiff,

      v.                                                           Adv. Pro. No. 14-6018

**Gary Wayne Brooks and**
**Linda Margaret Brooks,**
    Defendants.

---

### MEMORANDUM OPINION AND ORDER GRANTING IN PART
### PLAINTIFF JANICE HERMAN'S MOTION FOR SUMMARY JUDGMENT

    Comes on for hearing Plaintiff's Motion for Summary Judgment (MSJ).[1]  This is an

adversary proceeding in which Creditor-Plaintiff Janice Herman seeks nondischargeability of

---

[1] Doc. 21. Plaintiff, Janice Herman, appears by her attorneys, Chris M. Troppito, Kansas City, MO, and Patrick J. O'Hara, Springfield, IL, appearing *pro hac vice*. Defendants, Gary and Linda Brooks, appear *pro se*.

16.02.01 Order Granting MSJ In Part

debts owed by Defendant-Debtors Linda M. Brooks and Gary W. Brooks pursuant to 11 U.S.C. §§ 523(a)(2) and (4).[2]

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[3] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The parties do not object to venue or jurisdiction.

## FINDINGS OF FACT

Janice Herman (Janice) and Linda Brooks are the daughters of Dortha and Marvin Hilton, Sr., both of whom are deceased. Linda Brooks and Gary Brooks (the Brookses) are husband and wife. In June 2005, Janice sued the Brookses in Illinois in her individual capacity and in her capacity as the special representative of Dortha Hilton's estate.[4] Janice alleged Marvin Hilton paid the Brookses $125,000 with the actual intent to hinder and delay a statutory custodial claim held by Janice. On February 1, 2013, the Appellate Court of Illinois concluded that Janice,

> . . . who took care of her completely disabled mother for the final three years of her mother's life, is the creditor for purposes of claims under the Uniform Fraudulent Transfer Act, and therefore the amount corresponding to the value of those caregiving services should have been awarded to plaintiff [Janice] individually instead of to the mother's estate.[5]

---

[2] All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.
[3] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014).
[4] Circuit Court of Logan County (Illinois) Case No. 05L7.
[5] Herman v. Hilton, 2013 IL App (4th) 120575-U, at 1 (internal citations omitted). Doc. 1-1, at 1.

On November 13, 2013, the Brookses filed for chapter 7 relief.[6] The Brookses' Schedule F listed a $128,000 debt owed to Janice as an unsecured nonpriority claim resulting from a "judgment awarded and sanction feess [sic] awarded."[7] The Brookses' statement of financial affairs indicate Janice was suing them for damages in Logan County, Illinois Circuit Court, Case No. 2012-L-8 (the Pending Litigation).[8]

On February 7, 2014, Janice filed a six-count complaint[9] seeking nondischargeability of debts owed by the Brookses under §§ 523(a)(2) and (a)(4). Count I listed a $125,000 judgment owed to Janice by Linda Brooks for:

> . . . engaging as a transferee in a transaction constituting a fraudulent transfer to avoid creditors pursuant to the Illinois Uniform Fraudulent Transfer Act, 740 Illinois Compiled Statutes 160/1 *et seq*., inasmuch as Defendant, LINDA BROOKS, received fraudulently transferred property for inadequate consideration so as to defraud Plaintiff, JANICE HERMAN, and which transfer was voided by the Illinois Appellate Court for the Fourth Judicial District.[10]

The remaining five counts stem from the Pending Litigation. Count II is a cause of action against the Brookses for willful breach of fiduciary duty.[11] Count III is a cause of action against Linda Brooks for willful fraudulent concealment.[12] Count IV is a cause of action against Gary Brooks for willful fiduciary concealment.[13] Count V is a cause of action against Linda Brooks for willful fraudulent concealment.[14] Count VI is a cause of action against Gary Brooks for sanctions of $2,626.75 awarded to Janice to cover her attorney's fees resulting from Gary's submission of false pleadings to avoid service of process in the Pending Litigation.[15]

---

[6] Doc. 1, Case No. 13-22981.
[7] Doc. 1, at 14, Case No. 13-22981.
[8] Doc. 1, at 23, Case No. 13-22981.
[9] Doc. 1, Case No. 14-06018. Unless otherwise noted, future references to Doc. numbers are to pleadings filed in the instant adversary proceeding, Case No. 14-06018.
[10] Doc. 1, at 2 ¶ 5.
[11] Doc. 1, at 4 ¶ 5.
[12] Doc. 1, at 5 ¶ 4.
[13] Doc. 1, at 6 ¶ 5.
[14] Doc. 1, at 7 ¶ 5.
[15] Doc. 1, at 8 ¶ 5.

3

16.02.01 Order Granting MSJ In Part
Case 14-06018    Doc# 40    Filed 02/01/16    Page 3 of 15

On March 7, 2014, the Brookses filed an answer to the complaint.[16] On Count I, they admit the Illinois Appellate Court's holding.[17] However, the Brookses contest the nondischargeability of the judgment under § 523(a)(2).[18] The Brookses assert that Janice is not a creditor and was not defrauded.[19]

On Count II, the Brookses contest all substantive allegations. The Brookses allege they did not have a fiduciary duty to fulfill, Janice did not file a custodial claim, and Janice was not a creditor at the time of transfer.[20]

On Count III, the Brookses contest all substantive allegations. The Brookses allege there was no fraudulent concealment, Janice was not a creditor, Gary Brooks was not involved with the transfer, and that property was not transferred to defraud any creditors.[21]

On Count IV, the Brookses contest all substantive allegations. The Brookses allege they did not work together to defraud Janice, Gary Brooks was not involved with the transfer, Gary Brooks had no fiduciary responsibilities, and Linda Brooks is in the final stages of colon cancer.[22]

On Count V, the Brookses assert that: (a) no fraud was intended; (b) Janice was not a creditor at the time of transfer; (c) Janice filed her fraudulent transfer action prematurely; (d) the property was transferred back to Janice; and (e) Janice sold the property below fair market value.[23]

---

[16] Doc. 11.
[17] *See* holding cited *supra* note 5.
[18] Doc. 11, at 1 ¶ 3. The Brookses cite § 5239(a)(2) for nondischargeability. However, § 5239(a)(2) does not exist under the Code. The Brookses' citation is a typographical error and the Court treats the cite as one to § 523(a)(2).
[19] Doc. 11, at 2 ¶ 5–6.
[20] Doc. 11, at 2 ¶ 3–6.
[21] Doc. 11, at 3 ¶ 3–5.
[22] Doc. 11, at 3 ¶ 3–6.
[23] Doc. 11, at 3–4, ¶ 4–5.

On Count VI, the Brookses assert that they: (a) don't understand the nature of the sanctions; (b) are unaware how Janice received sanctions against Gary Brooks; and (c) "never received any paperwork on this matter."[24]

Additionally, the Brookses assert their frustration with Janice, their financial condition, the Pending Litigation, and their poor health.[25]

On May 20, 2014, Janice filed her MSJ[26] requesting nondischargeability of the debts identified in her complaint and a stay of this Court's adjudication of Counts II–VI (the Pending Litigation debts) until the Pending Litigation was finalized.

On July 28, 2014, Janice filed a stay relief motion to proceed with the Pending Litigation.[27] The Brookses objected due to their poor health and lack of financial resources.[28] The stay relief motion was heard on September 18, 2014, and an order conditionally granting the motion was entered September 24, 2014.[29] The motion was granted for the limited purpose of proceeding with the Pending Litigation related to the MSJ in the instant proceedings.

On April 14, 2015, Janice filed a supplemental status report indicating Defendants committed fraudulent misrepresentation and breached their fiduciary duties owed to the Plaintiff in the Pending Litigation.[30] As a result of the adjudication of the Pending Litigation, the Logan County Circuit Court found, among other things, that:

> Plaintiff [Janice] has been judicially determined (by the Appellate Court Fourth District in Case No. 4-10-0735) to be a creditor in the amount of $125,000 . . . .[31]

---

[24] Doc. 11, at 5 ¶ 5–6.
[25] Doc. 11, at 5.
[26] Doc. 21.
[27] Doc. 24.
[28] Doc. 26.
[29] Doc. 28.
[30] Doc. 35.
[31] Doc. 35, at 3 ¶ 2.

[Actions by the Brookses] constitute[], as a matter of law, fraudulent concealment by Defendant Linda Brooks and aiding and abetting fraudulent concealment by Defendant Gary Brooks.[32]

The Defendants Linda Brooks and [Gary] Brooks took it upon themselves to willfully take possession of, and distribute, assets of the estate of Marvin Hilton., Sr., while wholly disregarding the strictures of the Illinois Probate Act. As such, Defendants Linda Brooks and Gary Brooks, were, and are, as a matter of law, executors *de son tort*.[33]

Defendants Linda Brooks and Gary Brooks owed, and continue to owe, a fiduciary duty to Plaintiff Janice Herman, as a creditor of the estate of Marvin Hilton Sr., to preserve the estate assets and to distribute them pursuant to probate proceedings according to 755 ILCS 5/1-1.[34]

Defendants Linda Brooks and Gary Brooks breached their respective fiduciary duties owed to Plaintiff Janice Herman, as a matter of law, by failing to comply with 755 ILCS 5/1-1 and taking possession of, and distributing, assets of the estate of Marvin Hilton Sr.[35]

[It was the ruling of the Logan County Circuit Court that] Defendants LINDA BROOKS and GARY BROOKS committed fraudulent misrepresentation by concealment . . . by preparation and submission of false small estate affidavits that failed to disclose known creditors of the estate, including Plaintiff JANICE HERMAN.[36]

That Defendants LINDA BROOKS and GARY BROOKS breached their fiduciary duties as a matter of law by: a) Failing to act with prudence in marshaling and preserving the estate assets of the estate of Marvin Hilton, Sr.; b) Failing to notify the creditors of the estate of Marvin Hilton, Sr.; c) Failing to act with loyalty to the creditors, including Plaintiff, and to the beneficiaries of the estate of Marvin Hilton, Sr., by distributing and/or confiscating and expending the assets of said estate without notice or legal authority; d) Conducting themselves in a manner that resulted in a patent conflict of interest in that they acted in a self-serving manner in distributing or confiscating assets of the estate of Marvin Hilton, Sr., to themselves and to others without legal authority and with prejudice to the creditors, including Plaintiff, of the estate of Marvin Hilton, Sr.[37]

---

[32] Doc. 35, at 6 ¶ B.
[33] Doc. 35, at 6 ¶ C. The Logan County Circuit Court defined executor *de son tort* as an "executor of his own wrong, is a person who without any authority intermeddles with the estate of a decedent, and does such acts as properly belongs to the office of executor or administrator, and thereby becomes a sort of quasi executor, although only for purposes of being sued or made liable for the assets with which he had intermeddled. Having assumed a representative character, he cannot deny it, and on that account has all the liabilities of an executor, but he acquires none of the rights or privileges which belong to the office." Grace v. Seibert, 235 Ill. 190, 192–3 (1908) (citations omitted).
[34] Doc. 35, at 6–7 ¶ D.
[35] Doc. 35, at 7 ¶ E.
[36] Doc. 35, at 7.
[37] Doc. 35, at 7–8.

Linda Brooks passed away in April of 2015.[38]

On May 21, 2015, this Court entered an order allowing Janice 30 days to supplement her memorandum of law in support of her MSJ and granted the Brookses 21 days thereafter to file and serve a response pursuant to D. Kan. LBR 7056.1(f).[39]

On June 9, 2015, Janice filed a supplemental memorandum of law in support of her MSJ.[40] Janice asserts that the Illinois Appellate Court's judgment regarding Linda Brookses' fraudulent conduct is *res judicata*.[41] Janice additionally asserts that the findings and ruling in the Pending Litigation "operate to collaterally estop Defendant Gary Brooks from avoiding an order of nondischargeability regarding the $125,000 debt owed to Plaintiff."[42] Janice moved for summary judgment on Counts II, IV, and VI and asserts the pleadings establish the $125,000 debt is nondischargeable under §§ 523(a)(2) and (a)(4). Gary Brooks did not respond to Janice's supplemental memorandum.

## LAW

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that there is "no genuine issue as to any material fact" and that the movant is "entitled to a judgment as a matter of law.[43] All justifiable inferences must be drawn in favor of the nonmoving party to determine whether a genuine dispute as to a material fact exists.[44] Summary judgment is appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element

---

[38] Doc. 16, Case No. 13-22981. "Death . . . of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred." FED. R. BANKR. P. 1016.
[39] Doc. 36.
[40] Doc. 38.
[41] Doc. 38, at 2.
[42] Doc. 38, at 3.
[43] FED. R. CIV. P. 56. is applicable to adversary proceedings pursuant to FED. R. BANKR. P. 7056.
[44] Magnus, Inc. v. Diamond State Ins. Co., 545 F. App'x 750, 752 (10th Cir. 2013) (citation omitted).

essential to that party's case."[45] The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[46] If the movant meets its initial burden, then the nonmoving party cannot simply rely on its pleadings. The burden then shifts to the nonmoving party to go beyond the pleadings and "set forth specific facts" that would be admissible as evidence at trial.[47]

### B. NONDISCHARGEABILITY UNDER §§ 523(a)(2) AND (a)(4).

Janice's dischargeability claim against the Brookses arises from §§ 523(a)(2) and (a)(4). Section 523(a)(2) and (a)(4) provide:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition;
> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's . . . financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive; . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

### ANALYSIS

The Brookses' response to Janice's MSJ is deficient. The Brookses' response,[48] a letter to the Court, contains no legal arguments, supporting citations, and only references the record by including the name of Janice's MSJ. The letter signed by the Brookses states they are:

> . . . objecting to the motion above [the MSJ] as we have no monies, we owe $93,000.00 on our home.. [sic] I receive $850.00 a month on social security. We

---

[45] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[46] *Id*. at 322–23.
[47] Williamson v. Whiteman (*In re* West), 384 B.R. 872, 877–78 (Bankr. D. Kan. 2008) (quoting Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003)).
[48] Doc. 26.

8

have no assets. Linda is in the final stages of colon cancer and only have [sic] 13% lung capacity.

Gary also has many medical problems and is in very bad health as well. The only thing we have is a pick up truck and this is used to transport our oxygen to get to the doctor, Linda's wheelchair, Gary's scooter. It is the only vehicle we can use as it has never been smoked in and I cannot be around any smoke. We are objecting to the motion under these circumstances.

Federal Rule of Civil Procedure 56 requires a party asserting that a fact is disputed must support their assertion by citations to the record or by showing that the materials cited by the movant do not support the facts.[49] "[T]he non-movant then must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56 or explain why he cannot . . . under Rule 56."[50] The Brookses have not complied with this requirement as their response was not supported by citations to the record and does not challenge any of Janice's assertions regarding dischargeability. Therefore, the Court is permitted to "consider the fact[s] undisputed for purposes of the motion"[51] and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[52]

Further, the same result is required under District of Kansas Local Bankruptcy Rule 7056.1. Rule 7056.1 requires the allegations in the Brookses' response to "be presented by affidavit, declaration under penalty of perjury, and/or through the use of relevant portions of pleadings, depositions, answer to interrogatories and responses to requests for admissions." Rule 7056.1(a) states that the "court will deem admitted for the purpose of summary judgment, all material facts contained in the statement of the movant unless the statement of the opposing party specifically controverts those facts." Under Rule 7056.1, the Brookses' response is

---

[49] FED. R. CIV. P. 56(c).
[50] Diaz v. The Paul J. Kennedy Law Firm, 289 F.3d 671, 674–75 (10th Cir. 2002) (quoting United States v. Simons, 129 F.3d 1386, 1388–89 (10th Cir. 1997) (citations omitted)).
[51] FED. R. CIV. P. 56(e)(2).
[52] FED. R. CIV. P. 56(e)(3).

inadequate as they fail to support their allegations with any record citation or affidavit and fail to controvert Janice's factual statements.

Additionally, the Brookses failed to respond to Janice's supplemental memorandum of law in support of her MSJ.[53] The time for filing a response has passed and the Brookses did not seek an extension. Further, D. Kan. Rule 56.1(a) provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[54] Therefore, the facts contained in Janice's supplemental memorandum of law in support of her MSJ are deemed admitted because the Brookses failed to controvert those facts.

D. Kan. Rule 7.4 authorizes the Court to grant the MSJ without any further notice to the Brookses. However, "[a] party's failure to respond to a summary judgment motion is not a sufficient basis on which to enter judgment against the party."[55] Therefore, the Court reviewed Janice's memorandum supporting her MSJ[56] to make an independent determination that there is a factual and legal basis for granting the requested relief.

The Brookses' *pro se* status does not relieve them of their responsibilities to follow procedural requirements.[57] Thus, the Court deems admitted Janice's uncontroverted statements of fact for the purpose of assessing her MSJ.

---

[53] This pleading was filed after Linda passed; however, Gary did not file a response. Regardless, this does not change the collateral estoppel effect of the judgment entered in the Pending Litigation.
[54] D. Kan. Rule 56.1(a) is adopted and incorporated into this Court's Local Rules at D. Kan. LBR 1001.1(a).
[55] *West*, 384 B.R. 872, 878 (Bankr. D. Kan. 2008) (quoting Reynolds v. Delmar Gardens of Lenexa, Inc., 2003 WL 192481, at *2 (D. Kan. 2003).
[56] Doc. 21-1.
[57] *See,* e.g., Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotations and alterations omitted).

### A. COUNT I, II, AND IV: THE BROOKSES' DEBT OF $125,000 TO JANICE HERMAN IS NONDISCHARGEABLE UNDER § 523(a)(4), BUT NOT § 523(a)(2).

The Code "has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'"[58] However, "exceptions to discharge are narrowly construed, and because of the fresh start objectives of bankruptcy, doubt as to the meaning and breadth of a statutory exception is to be resolved in the debtor's favor."[59] The standard of proof in § 523 actions is by the preponderance of evidence.[60]

Under § 523(a)(2), Janice must prove that: (1) the Brookses made a false representation; (2) the Brookses made the representation with the intent to defraud; (3) Janice relied on that representation; (4) Janice's reliance was justifiable; and (5) the Brookses' representation caused Janice to sustain a loss.[61] The Brookses "must have acted with subjective intent to deceive" Janice.[62] Intent to deceive is inferred from the totality of the circumstances or "from a knowingly made false statement."[63]

Here, the uncontroverted facts do not establish nondischargeability under § 523(a)(2). Janice establishes that the Brookses made a fraudulent transfer to avoid creditors under the Illinois Uniform Fraudulent Transfer Act and there was a breach for misappropriation and unauthorized distribution of assets. However, Janice does not specifically allege or show that she relied on a false representation made by the Brookses resulting in a loss as required under §

---

[58] Cohen v. De La Cruz, 523 U.S. 213, 217 (1998) (citations omitted); *see also* Grogan v. Garner, 498 U.S. 279, 286 (1991) ("[A] debtor has no constitutional or 'fundamental' right to a discharge in bankruptcy.").
[59] DSC Nat'l Properties, LLC v. Johnson (*In re* Johnson), 477 B.R. 156, 168 (B.A.P. 10th Cir. 2012) (internal quotations and alterations omitted).
[60] Horejs v. Steele (*In re* Steele), 292 B.R. 422, 424 (Bankr. D. Colo. 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).
[61] *Johnson*, 477 B.R. at 169.
[62] *Id*.
[63] Fowler Bros. v. Young (*In re* Young), 91 F.3d 1367, 1375 (10th Cir. 1996) (internal quotations and citations omitted).

523(a)(2). Instead, the facts show the Brookses' fraud while acting in a fiduciary capacity resulting in nondischargeability under § 523(a)(4).

Janice carries her burden under § 523(a)(4) to except the $125,000 debt from discharge. Section 523(a)(4) excepts a debt from discharge "for fraud or defalcation while acting in a fiduciary capacity."[64] For Janice to prevail on her MSJ under § 523(a)(4), she needs to show a relationship between the Brookses and herself such that the Brookses owed her a fiduciary duty.[65] Janice must also show that the Brookses breached that duty causing her damages.[66]

Whether a fiduciary relationship exists is determined under federal law.[67] However, Illinois state law is relevant to the instant inquiry. A fiduciary relationship arises under § 523(a)(4) when an express or technical trust is present.[68] Section § 523(a)(4):

> . . . contemplates a trust relationship that is narrower than the general duty of one in a fiduciary relationship. It may be an express trust, defined in a written or oral agreement that created the relationship and identified the property held in trust (the *res*), the trustee, and the trustee's duties with respect to the *res*. Or, it may be a technical trust that is imposed by statute. The statute must define the *res,* spell out the fiduciary duties of the party to whom the trust property is entrusted, and the trust must have arisen on the res before the debtor took the action that created the debt. The trust relationship must be imposed by the law rather than implied from it.[69]

The Brookses breached their fiduciary duty to Janice arising from a technical trust under the Illinois Uniform Fraudulent Transfer Act. The Logan County Circuit Court found that: (a) the Fourth District Illinois Appellate Court held that Janice is a creditor in the amount of $125,000; (b) the Brookses committed fraudulent concealment; (c) the Brookses disregarded the Illinois Probate Act and were executors *de son tort*; (d) the Brookses owed a fiduciary duty to

---

[64] 11 U.S.C. § 523(a)(4).
[65] *Steele*, 292 B.R. at 426.
[66] *Id*.
[67] *Young*, 91 F.3d at 1371.
[68] *Steele*, 292 B.R. at 426 (quoting *Young*, 91 F.3d at 1371).
[69] Duggins v. Bratt (*In re* Bratt), 489 B.R. 414, 426–27 (Bankr. D. Kan. 2013).

12

Janice—as a creditor of Marvin Hilton's estate; and (e) the Brookses breached their fiduciary duties owed to Janice as a matter of law.[70] Further, the Brookses committed fraudulent misrepresentation by concealment when they failed to disclose Janice as a creditor.[71] Therefore, the motion for summary judgment on Count I is granted because the Brookses breached their fiduciary duty to Janice resulting in nondischargeability of the related $125,000 debt under § 523(a)(4).

The aforementioned facts also require granting summary judgment as to Counts II and IV because the Brookses breached their fiduciary duty and committed fiduciary concealment.

### B. COUNT VI: GARY BROOKS' DEBT OF $2,626.75 TO JANICE HERMAN IS DISCHARGEABLE UNDER § 523(a)(2).

A finding of nondischargeability under § 523(a)(2) requires Janice to prove that: (1) Gary made a false representation; (2) Gary made the representation with the intent to defraud; (3) Janice relied on that representation; (4) Janice's reliance was justifiable; and (5) Gary's representation caused Janice to sustain a loss.[72] The facts easily establish that Janice met requirements one and five. Gary did submit a false affidavit and that submission caused Janice to incur $2,626.75 of unnecessary attorney's fees. The second prong is not as easy as the facts do not clearly explore Gary's motive for submitting false and fraudulent pleadings. However, the Court need not explore Gary's intent as the facts fail to establish satisfaction of elements three and four. The record indicates that as a consequence of Gary's false submissions:

> Plaintiff's [Janice's] counsel was required to research the law regarding amenability to process; communicate with his client, Plaintiff Janice L. Herman; contact and communication with Shane Hilton, the nephew of Defendant Gary Brooks; prepare an affidavit of Shane Hilton; prepare a Response to the motion and affidavit of Defendant Gary Brooks; and appear in Court to argue said motion.[73]

---

[70] *See supra* notes 26–30.
[71] *See supra* p. 6.
[72] *See supra* note 64.
[73] Doc. 1-5, at 1 ¶ 4.

13
16.02.01 Order Granting MSJ In Part
Case 14-06018    Doc# 40    Filed 02/01/16    Page 13 of 15

The facts fail to show Janice's reliance on Gary's fraudulent representations. In fact, Janice did not rely on Gary's submissions and instead investigated his veracity. Because element three is not met, element four is moot.

### C. COUNTS III & V: ORDER TO SHOW CAUSE WHY COUNTS III & V AGAINST LINDA BROOKS SHOULD NOT BE DISMISSED.

Janice's original MSJ requested this Court's abstention on Counts III and V until the Logan County, Illinois Circuit Court resolved the Pending Litigation.[74] The Pending Litigation was resolved on March 6, 2015.[75] On June 9, 2015, Janice omitted Counts III and V from her supplemental memorandum of law in support of her MSJ.[76] In Counts III and V, Janice alleged Linda Brooks committed willful fraudulent concealment. Linda Brooks passed in April of 2015. However, Counts III and V are still before the Court. Therefore, the Court orders that Janice show cause why Counts III and V should not be dismissed.

## CONCLUSIONS OF LAW

There are no genuine issues of material fact regarding the events set forth above. Based on the foregoing analysis, the Court finds that the debt of $125,000 owed to Plaintiff, Janice Herman, by Defendants, Gary Brooks and Linda Brooks, is nondischargeable under § 523(a)(4). The Court grants Plaintiff's motion for summary judgment[77] in part as follows:

(a) The Court grants Plaintiff Janice Herman's motion for summary judgment on Counts I, II, and IV.

(b) The Court denies Plaintiff Janice Herman's motion for summary judgment on Count VI.

---

[74] Doc. 21.
[75] Doc. 35.
[76] Doc. 38.
[77] Doc. 21.

IT IS ORDERED that Plaintiff Janice Herman's motion for summary judgment is GRANTED in part as set out above.

IT IS FURTHER ORDERED that Plaintiff Janice Herman SHOW CAUSE by written response due within 20 days of this order why Counts III and V should not be entitled to summary judgment or dismissed. Gary Brooks shall file a response to the aforementioned Show Cause Order response within 40 days of this order. This Court may, in its discretion, set any response to this Order to Show Cause for hearing.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS